IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| William Grimes, ) | |
| ) | C/A No. 0:12-2848-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Kirkland Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a state prisoner proceeding pro se, filed this habeas petition pursuant to 28 U.S.C. § 2254.  This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina ("Report").

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

On February 12, 2013, the Respondent moved for summary judgment.  (ECF No. 26.)  The Petitioner was advised of his right to respond to the Respondent's motion on February 13, 2013, (ECF No. 27), and again on March 26, 2013 (ECF No. 32.) Additionally, the Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute.  The Petitioner still failed to respond.

Accordingly, the Magistrate Judge filed a Report, recommending that this action

be dismissed with prejudice for lack of prosecution. (ECF No. 34.)  The Petitioner was advised of his right to file objections to the Report. (ECF No. 34 at 3.)  However, the Petitioner did not file objections.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 34) and incorporates it herein.  It appears the Petitioner no longer wishes to prosecute this action.  It is therefore **ORDERED** that the action is **DISMISSED** with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982).  See *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).  It is further **ORDERED** that

the Respondent's motion for summary judgment (ECF No. 26) is **TERMINATED** as moot.

    **IT IS SO ORDERED.**

                                          s/Timothy M. Cain
                                          United States District Judge

Anderson, South Carolina
May 2, 2013